UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH MATTINGLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAQUELINE JUREK, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-04595-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 11, 15 |

Self-represented Plaintiff accuses three police officers with the California Department of Parks and Recreation (the "Department") of arresting him without a valid warrant in violation of his rights under the United States and California constitutions. *See* Dkt. 1 (the "Complaint"). He commenced this action to recover against the officers (Jaqueline Jurek, Tyler Knapp and Trevor Morgan), two supervising police captains (Gabe McKenna and Joe Walters) and the director of the Department (Armondo Quintero). Defendants now move to dismiss, and Plaintiff moves to strike that dismissal request. *See* Dkts. 11 (the "MTD"), 13, 15 (the "MTS"), 21, 22, 27. All necessary Parties—Plaintiff and named Defendants—have consented to the jurisdiction of a magistrate judge.[1] *See* Dkts. 2, 10. The Court has determined that the MTD and MTS are suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court

---

[1] Plaintiff also sued 50 Doe defendants. *See* Complaint at 2. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

**DENIES** the MTS and **GRANTS IN PART** and **DENIES IN PART** the MTD **WITH LEAVE TO AMEND**.

I.      THRESHOLD MATTER—MOTION TO STRIKE

In moving to strike the MTD, Plaintiff primarily argues that he initially submitted his dispute through an administrative process, that the Department never responded to his submission within the 45-day period prescribed by the California Government Claims Act and that this failure to respond now bars Defendants from moving to dismiss the same claims when brought in court. *See* MTS at 3-5.  Plaintiff misunderstands the statutory scheme.  The California Government Claims Act prohibits a claimant from pursuing a claim in court until after they have presented their claim for administrative resolution.  *See City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007).  It does not, as Plaintiff contends, prohibit the government from opposing a claim in court once a claimant properly commences judicial proceedings.  Plaintiff acknowledges as much in his reply briefing: "Plaintiff acknowledges that procedural compliance under the Government Claims Act permits the filing of the lawsuit but does not immunize the Complaint from scrutiny regarding whether it adequately states claims for relief." *See* Dkt. 27 at 8.  Plaintiff offers no legal support for his remaining arguments in the MTS, and several of his arguments concern the propriety of Defendants' dismissal request instead of the propriety of striking the MTD.

Accordingly, the Court **DENIES** the MTS and will proceed with evaluation of the MTD. In evaluating the MTD, and in light of Plaintiff's self-represented status, the Court will consider the arguments that Plaintiff raises in his MTS briefing concerning the propriety of Defendants' dismissal request.

///

///

///

///

///

///

///

II. **BACKGROUND**

The following discussion of background facts is based on the allegations contained in the Complaint, the truth of which the Court accepts for purposes of resolving the MTD. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). In July 2022, Plaintiff "was singing protest music . . . above Twin Lakes Beach" in Santa Cruz, California. *See* Complaint at 6. At some point during the protest, Officers Jurek, Knapp and Morgan "approached and surrounded" Plaintiff and "claim[ed they] had a bench warrant for [his] arrest."[2] *See id.* Plaintiff repeatedly asked to see the warrant, but the officers "failed to produce one." *See id.* The officers then searched and arrested him. *See id.* He now brings this action to recover for this allegedly unlawful arrest.

III. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."[3] To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their

---

[2] Plaintiff does not say so expressly in the Complaint, but it appears that the warrant concerned "a previous arrest [of Plaintiff] on July 31, 2021." *See* Complaint at 6.

[3] Defendants also move to dismiss under Rule 12(b)(1), which requires dismissal where a court lacks subject-matter jurisdiction. *See* MTD at 1. Of the arguments addressed in this Order, it appears that only Defendants' invocation of immunity under the Eleventh Amendment to the United States Constitution potentially implicates Rule 12(b)(1). *See Sato v. Orange Cnty. Dept' of Educ.*, 861 F.3d 923, 927 & n.2, 928 (9th Cir. 2017) (characterizing Eleventh Amendment immunity as a "quasi-jurisdictional" defense that "may be raised in either a Rule 12(b)(1) or 12(b)(6) motion" (citations omitted)). As discussed below, Defendants successfully invoke the defense under a Rule 12(b)(6) standard, and so the Court need not evaluate the defense under Rule 12(b)(1).

3

favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## IV. DISCUSSION

Plaintiff brings seven claims in connection with his allegedly unlawful arrest (*see* Complaint at 10-21):

- **Claim One:** A 42 U.S.C. Section 1983 claim for unlawful arrest and search in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution (against Defendants Jurek, Knapp and Morgan).

- **Claim Two:** A 42 U.S.C. Section 1983 claim for due-process violations and false imprisonment in violation of Plaintiff's rights under the Fifth Amendment to the United States Constitution (against Defendants Jurek, Knapp and Morgan).

- **Claim Three:** A 42 U.S.C. Section 1983 claim for interfering with Plaintiff's attempts to speak, assemble and redress grievances, in violation of his rights under the First Amendment to the United States Constitution (against Defendants Jurek, Knapp, Morgan and Quintero).

- **Claim Four:** A 42 U.S.C. Section 1983 claim for malicious prosecution in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution (against Defendants Jurek, Knapp and Morgan).

- **Claim Five:** A 42 U.S.C. Section 1985 claim for conspiracy to deprive Plaintiff of his rights under the First, Fourth and Fifth Amendments to the United States Constitution (against Defendants Jurek, Knapp and Morgan).

- **Claim Six:** A claim for violations of Plaintiff's rights under Sections 2 and 3 of Article I

of the California Constitution (against all Defendants).

- **Claim Seven:** A 42 U.S.C. Section 1983 claim for supervisory liability for violations of Plaintiff's rights under the United States and California constitutions (against Defendants Quintero, McKenna and Walters).

As discussed below, the Court will dismiss some of these claims, and the remaining claims survive.

### A. Plaintiff Does Not Meaningfully Oppose Defendants' Invocation Of Qualified Immunity

Officers Jurek, Knapp and Morgan argue that qualified immunity shields them from liability under Claims One, Two, Three and Six because, as alleged by Plaintiff, the officers claimed there was a warrant for Plaintiff's arrest, and the existence of a "warrant for arrest would inform reasonable officers that they had probable cause to arrest." *See* MTD at 2, 5, 9-10. Plaintiff does not respond to this argument in his opposition to the MTD. He does argue in his MTS briefing that qualified immunity does not apply because "[t]he right to be free from arrest without a valid warrant is well established, as is the right to engage in peaceful protest without retaliation." *See* Dkt. 27 at 9. But that single-sentence proposition does not address the officers' argument that the existence of a warrant constituted probable cause. The Court, therefore, will treat such a threadbare response as waiving any opposition to Defendants' qualified-immunity argument. *See, e.g.*, *Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc. 1877, AFL CIO*, 530 F.3d 817, 824 n.2 (9th Cir. 2008); *Skydiving Sch., Inc. v. GoJump Am., LLC*, 703 F. Supp. 3d 1215, 1225 n.7 (D. Haw. 2023). In light of this waiver, and without ruling on the merits of the qualified-immunity argument, the Court will dismiss Claims One, Two, Three and Six as asserted against Officers Jurek, Knapp and Morgan, with leave to amend. *See, e.g.*, *Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2025 WL 82211, at *6-7 (N.D. Cal. Jan. 13, 2025).

///
///
///
///

### B. Plaintiff Does Not Oppose Defendants' Request To Dismiss The Malicious-Prosecution Claim

Officers Jurek, Knapp and Morgan argue that the malicious-prosecution claim fails because Plaintiff's "allegations fail to overcome the presumption that the prosecutor exercised independent judgment in deciding to bring [a] case against Plaintiff." *See* MTD at 12-13. Plaintiff does not address this argument in any of his briefing. Again, therefore, the Court deems any opposition to Defendants' argument waived and will dismiss the malicious-prosecution claim, with leave to amend, without ruling on the merits of Defendants' argument.

### C. The Eleventh Amendment Shields Defendant Quintero From Suit

Under the Eleventh Amendment to the United States Constitution, "[s]tates are protected . . . from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) (citations omitted). This immunity extends to the Department and, to the extent they are sued in their official capacities, the Department's employees. *See, e.g.*, *Pullman v. Schwarzenegger*, No. 11-cv-00202-JLS, 2011 WL 6396631, at *8 (S.D. Cal. Dec. 20, 2011); *Hahn v. Cal. Dep't of Parks & Recreation*, No. 09-cv-01479-JAM, 2009 WL 3048716, at *3 (E.D. Cal. Sept. 18, 2009). Defendant Quintero argues that the Eleventh Amendment immunizes him from Claims Three and Seven. *See* MTD at 3-5. Plaintiff does not respond to this argument in his opposition to the MTD. He does offer two arguments on the issue in his briefing on the MTS, both of which the Court rejects.[4]

***First***, Plaintiff argues that he "served notices" on Defendants and submitted an administrative claim but that Defendants never responded, thereby estopping them from now claiming immunity from suit. *See* MTS at 7-8. Plaintiff does not explain why failure to respond to notices or administrative claims prohibits Defendant Quintero from raising an Eleventh Amendment defense in this action, and he offers no legal support for his contention.

***Second***, Plaintiff argues that the Eleventh Amendment's protection does not apply to Defendant Quintero because he sues Defendant Quintero in his personal capacity and not in his

---

[4] Plaintiff technically asserts three other arguments, but those arguments merely rehash these two arguments. *See* MTS at 7-8.

6

official capacity. *See id.* at 8; Dkt. 27 at 9. His allegations tell a different story. He does not describe any particular conduct of Defendant Quintero and instead seeks to impose liability on Defendant Quintero "for implementing policies, practices, and customs that violated [Plaintiff's] constitutional rights." *See* Complaint at 13, 20-21. That conduct implicates Defendant Quintero's official capacity. *See, e.g.*, *Suever v. Connell*, No. 03-cv-00156-RS, 2003 WL 27383673, at *5-6 (N.D. Cal. June 20, 2003) (employees of Controller's Office sued in official capacity where "complaint alleg[es] that the customs and practices of the Controller's Office have caused [plaintiffs] harm"); *Nelson v. Cnty. of Sacramento*, 926 F. Supp. 2d 1159, 1169 n.5 (E.D. Cal. 2013) (defendant sued in official capacity "as the Sheriff Department's decision-maker" where plaintiff "does not make any allegations about [the defendant's] personal participation in the alleged incident"). The Court recognizes that Plaintiff expressly asserts that he sues Defendant Quintero in his "individual capacity" in the Complaint. *See* Complaint at 4. But "[t]he real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997); *see also Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992) (Nelson, J., specially concurring) ("[C]ourts must still analyze the specifics of the conduct involved when determining whether a suit is against an official in his or her 'official' or 'individual' capacity.").

Accordingly, the Court will dismiss Claims Three and Seven to the extent asserted against Defendant Quintero, with leave to amend.[5]

---

[5] The Court observes that defects may infect Defendant Quintero's invocation of Eleventh Amendment immunity beyond those purported deficiencies raised by Plaintiff (and rejected in this Order). But in evaluating a Rule 12(b)(6) motion to dismiss, the Court need not address arguments not raised by an opposing plaintiff. *See, e.g.*, *In re Toyota Motor Corp.*, No. 10-ml-02151-JVS, 2012 WL 12929769, at *4 n.7 (C.D. Cal. May 4, 2012); *see also Obeso v. Nat'l R.R. Passenger Corp.*, No. 23-cv-02793-SVK, 2023 WL 6278880, at *7 n.6 (N.D. Cal. Sept. 25, 2023) ("The Court trusts litigants to marshal forth their strongest arguments and evidence and will consider only those arguments and evidence presented."). Of course, the Ninth Circuit has recognized the "quasi-jurisdictional" nature of Eleventh Amendment immunity (*see* Note 3, *supra*), and this Court "has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties." *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citation omitted). Some district courts in the Ninth Circuit interpret this principle as requiring a *sua sponte* analysis of Eleventh Amendment immunity. *See, e.g.*, *Emma C. v. Eastin*, 985 F. Supp. 940, 946 n.9 (N.D. Cal. 1997); *Jaime-Gonzalez v. Cnty. of L.A.*, No. 18-cv-

### D. Plaintiff Does Not Sufficiently Allege Supervisory Liability

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotations marks and citation omitted). Defendants McKenna and Walters argue that Plaintiff does not satisfy this standard because he does not allege that they participated in or caused his constitutional violations. *See* MTD at 13-14. Plaintiff does not respond to this argument in his opposition to the MTD. He does argue in his briefing on the MTS that he "served multiple notices" on the Department in which he "explicitly stated that no further action was permitted in relation to" his July 2021 arrest and that Defendants McKenna and Walters never communicated the terms of these notices to the arresting officers, thereby contributing to Plaintiff's unlawful arrest. *See* Dkt. 27 at 5-6. But without more, it is, at best, speculative whether communication of these notices' contents would have led the arresting officers not to arrest Plaintiff, given that they allegedly believed they were arresting Plaintiff pursuant to a warrant, and Plaintiff points to no allegations to support the plausibility of this hypothetical chain of causation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (citations omitted)).

Accordingly, the Court will dismiss the supervisory-liability claim as asserted against Defendants McKenna and Walters, with leave to amend.

### E. Defendants Offer No Reason To Dismiss The Remaining Claims

Following the Court's above analysis, only Claim Five (asserted against Officers Jurek, Knapp and Morgan) and Claim Six (to the extent asserted against Defendants Quintero, McKenna

---

06600-MWF, 2018 WL 8058840, at *13 (C.D. Cal. Dec. 26, 2018). This Court declines to conduct such an analysis because "the Eleventh Amendment is not a true limitation upon the court's subject matter jurisdiction." *Snoqualmie Indian Tribe v. Wash.*, 8 F.4th 853, 861 n.4 (9th Cir. 2021) (citation omitted). "Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so[, and u]nless the State raises the matter, a court can ignore it." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (citations omitted). Accordingly, in evaluating Defendant Quintero's Eleventh Amendment defense, the Court limits its analysis to only those issues raised by the Parties.

and Walters) remain.[6]  Defendants request dismissal of all of Plaintiff's claims (*see* MTD at 15), but as far as the Court can discern, none of Defendants' arguments concerns dismissal of these remaining claims (at least, not as presented in the MTD).  Accordingly, the Court will not dismiss these claims.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the MTS and **GRANTS IN PART** and **DENIES IN PART** the MTD **WITH LEAVE TO AMEND** as follows:

- The Court **DISMISSES** Claims One, Two, Three, Four and Seven.
- Claim Five survives dismissal.
- Claim Six survives dismissal to the extent asserted against Defendants Quintero, McKenna and Walters.

If Plaintiff elects to file an amended complaint, he must do so by **February 26, 2025**.  In drafting his amended complaint, Plaintiff should take into consideration all of the arguments raised by Defendants in the MTD and assert only those facts or argument that can be put forth in good faith.  If Plaintiff does not file an amended complaint by the due date, the Court will schedule an initial case-management conference.

**SO ORDERED.**

Dated: February 5, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

---

[6] Although Defendant Quintero's invocation of Eleventh Amendment immunity would presumably require dismissal of Claim Six to the extent asserted against him, he raises the Eleventh Amendment as a defense only with respect to Claims Three and Seven.  *See* MTD at 5; Dkt. 22 at 2.  The Court, therefore, will not extend the Eleventh Amendment defense to bar Plaintiff's assertion of Claim Six against Defendant Quintero.  *See, e.g.*, *S.C. v. Cnty. of L.A.*, No. 21-cv-06163-MWF, 2023 WL 10407121, at *18 (C.D. Cal. Jan. 5, 2023) ("[T]he Court will only dismiss the claims over which Defendants have specifically claimed [Eleventh Amendment] immunity." (citations omitted)).