UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH MATTINGLY,<br><br>Plaintiff,<br><br>v.<br><br>JAQUELINE JUREK, et al.,<br><br>Defendants. | Case No. 24-cv-04595-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS AND DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS**<br><br>Re: Dkt. No. 32 |

Self-represented Plaintiff Michael Joseph Mattingly brings this action against various defendants employed with the California Department of Parks and Recreation (the "Department") alleging an invalid warrant and unlawful arrest in violation of his rights under the United States and California Constitutions. *See* Dkt. 1 (the "Complaint"). Plaintiff seeks compensatory damages and declaratory and injunctive relief against officers Jaqueline Jurek, Tyler Knapp and Trevor Morgan (the "Officers"), police captains Gabe McKenna and Joe Walters (the "Captains") and director of the Department Armondo Quintero (collectively, "Defendants"). *Id* at 23. After Defendants' first motion to dismiss, the Court dismissed some claims with leave to amend while denying the motion to dismiss other claims. Dkt. 28 ("Prior Order"). Plaintiff then filed a Motion to Amend/Correct Complaint which the Court construes as the First Amended Complaint (the "FAC"). Dkts. 30, 31. The FAC seeks similar relief as the Complaint for the remaining claims. FAC at 12. In response to the FAC, Defendants filed a new motion to dismiss (the "Motion"). Dkt 32. Plaintiff opposes the Motion. Dkt. 33.

All necessary Parties have consented to the jurisdiction of a magistrate judge. Dkt. 28 at 1 (discounting Doe defendants); Dkts. 2, 10. The Court has determined that the Motion is suitable

1  for resolution without oral argument.  Civ. L.R. 7-1(b).  After considering the Parties' briefs, the
2  relevant law and the history in this action, and for the reasons explained below, the Court
3  **DISMISSES** all federal claims **WITHOUT LEAVE TO AMEND** and **DECLINES**
4  supplemental jurisdiction over the state-law claims.

## I.     REQUESTS FOR JUDICIAL NOTICE

As an initial matter, Defendants submitted two requests that the Court take judicial notice of documents detailing Plaintiff's criminal proceedings in which a bench warrant was issued. Dkts. 32-1, 34-1.  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  Nonetheless, a district court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" at the pleadings stage.  *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Federal Rule of Evidence 201 permits courts to take notice of adjudicative facts if they are "not subject to reasonable dispute because [they] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  The Court may generally notice the existence and authenticity of an item, but not the underlying truth of its contents.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The Court may take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted).  Such judicial notice can include taking "notice of a bench warrant as a matter of public record."  *Neylon v. Cnty. of Inyo*, No. 16-cv-00712-AWI (JLT), 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016).

In the first request for judicial notice, Defendants request the Court take notice of a minute order from Plaintiff's California state criminal proceeding and a warrant abstract referencing the same case, numbered 21cr03682.  Dkt. 32-2 at 4, 6.  The record indicates Plaintiff was charged with violating Cal. Code Regs. Section 4326 and that he failed to appear in court for continued

arraignment scheduled for September 13, 2021. *Id.* The minute order produced on September 13, 2021 notes the issuance of a bench warrant in the amount of $500. *Id.* at 4. The corresponding warrant abstract confirms the date of issuance as September 13, 2021. *Id.* at 6. Defendants' second request for judicial notice includes the warrant report documenting the same warrant issued for Plaintiff by Judge Vinluan of the Superior Court of Santa Cruz on September 13, 2021 with the warrant number 21cr03682. Dkt. 34-2 at 4-6.

Although Plaintiff disputes the date of the bench warrants' issuance, (FAC at 6), this is not a matter subject to reasonable dispute. While certain contents of a warrant may be subject to reasonable dispute, such as the veracity of facts justifying a warrant, administrative content such as the existence of a warrant, the person for whom the warrant was issued and the date of issuance are materials not subject to reasonable dispute. *See, e.g.*, *Bunkley v. Verber*, No. 17-cv-05797-WHO, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018) (taking notice of existing arrest warrant and person for whom it was issued for because these contents were not subject to reasonable dispute); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1012 (S.D. Cal. 2018) (taking notice of existing warrant and its filing date, but not "the veracity of the account contained within the [warrant]"). Here, notwithstanding Plaintiff's dispute, the minute order, warrant abstract and warrant report constitute a "public record the accuracy of which cannot be reasonably [disputed]" as to the existence of the warrant and the "date on which the warrant was issued …." *Klahn v. Alameda Cnty. Sheriff's Dep't*, No. 16-cv-00833-JCS, 2017 WL 565050, at *11 (N.D. Cal. Feb. 13, 2017).

Accordingly, the Court **GRANTS** Defendants' requests for judicial notice and takes notice of the minute order, the warrant abstract and warrant report. Dkt. 32-2 at 4, 6; Dkt. 34-2 at 4-6. The Court will, from these documents, take notice of the fact that a bench warrant was issued for Plaintiff on the date of September 13, 2021, by Judge Vinluan of the Superior Court of Santa Cruz. The Court also takes notice of the authenticity of the documents. The Court does not take notice of any other facts related to these documents.

////

////

## II. BACKGROUND

The Court has previously summarized the facts, as alleged in Plaintiff's Complaint. Dkt. 28 at 3. Plaintiff brings this action seeking compensatory damages for alleged unlawful arrest and declaratory and injunctive relief for constitutional violations. FAC at 12. Apart from minor amendments, such as additional case law references and removal of certain damages requests, the FAC does not allege new facts. FAC at 9, 12. Taken as true, Plaintiff was "performing protest music" at Twin Lakes Beach in Santa Cruz on July 30, 2022. FAC at 4. Officers Jurek, Knapp and Morgan then approached Plaintiff and claimed they had a warrant for his arrest. *Id.* Plaintiff demanded to see the warrant but the Officers "failed to produce any warrant" and proceeded to arrest plaintiff. *Id.* at 5. In the original Complaint, Plaintiff alleged the Officers mentioned a "*bench* warrant"; however, the FAC now alleges simply that the Officers mentioned "a warrant." *Compare* Complaint at 6 *with* FAC at 4. Because a plaintiff generally cannot "amend pleadings to 'directly contradict an earlier assertion made in the same proceeding,'" the Court will construe Plaintiff's allegation of "a warrant" in his FAC as a "bench warrant," consistent with the original Complaint. *Morales v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 847 (N.D. Cal. 2022) (quoting *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014)).

Prior to these events, on September 13, 2021, Plaintiff failed to appear for continued arraignment in a California state case, and the Superior Court of Santa Cruz issued a bench warrant for $500. Dkt. 32-2 at 4, 6; Dkt. 34-2 at 4-6.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials

4

incorporated into the complaint by reference, and matters [subject to] judicial notice." *See, e.g.*, *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Boquist v. Courtney*, 32 F.4th 764, 782 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja, Inc.*, 899 F.3d at 1008 (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020).

## IV.  DISCUSSION

Plaintiff's FAC contains four causes of action:

(1) a 42 U.S.C. § 1983 claim of retaliation violating the First Amendment against Defendants Jurek, Knapp and Morgan,

(2) a 42 U.S.C. § 1983 claim of unlawful arrest violating the Fourth Amendment against Defendants Jurek, Knapp and Morgan,

(3) a 42 U.S.C. § 1985 claim of conspiracy to violate constitutional rights against Defendants Jurek, Knapp and Morgan, and

(4) a claim for violations of his rights under Sections 2 and 3 of Article I of the California Constitutional against Defendants Quintero, McKenna and Walters.

In the Prior Order, the Court denied dismissal of the originally numbered claims five and six, now labelled as claims three and four, because "Defendants [o]ffer[ed] [n]o [r]eason [t]o [d]ismiss" these claims. Dkt. 28 at 8-9. In response to the FAC, Defendants' now present defenses which they previously did not raise but could have.[1] Thus, the Court first considers

---

[1] Specifically, Defendants' Motion now invokes the Eleventh Amendment immunity of Defendant Quintero to all claims and raises defenses against the Section 1985 conspiracy claim which could have previously been brought. Dkt 32 at 3, 10-11.

1  whether it may reach these additional arguments.

2      In adjudicating second or subsequent motions to dismiss, courts in this District and Circuit
3  may disallow arguments that could have been raised in a prior motion, but were not, because "the
4  filing of an amended pleading does not revive the opposing party's right to file a motion to dismiss
5  after that party has answered the prior pleading." *Leung v. Fed. Deposit Ins. Corp.*, No. 24-cv-
6  00337-NW, 2025 WL 1397205, at *6 (N.D. Cal. May 14, 2025) (citing, *e.g.*, *Brooks v. Caswell*,
7  No. 14-cv-01232-JVA, 2016 WL 866303, at *2 (D. Or. Mar. 2, 2016) (collecting cases)). Yet, "a
8  defendant who omits a defense under Rule12(b)(6) … does not waive that defense." *In re Apple
9  iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*,
10 587 U.S. 273 (2019). Rather, "a defendant who fails to assert a failure-to-state-a-claim defense in
11 a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule
12 12(b)(6), [although] the defense may be asserted in other ways." *Id.* at 318 (noting disagreement
13 between other circuits); *see* Fed. R. Civ. P. 12(g). In interpreting Rule 12(g), the Ninth Circuit
14 has explained that—because the unraised defense could still be raised "in a pleading under Rule 7,
15 in a post-answer motion under Rule 12(c), or at trial," — "the general policy of the Federal Rules
16 of Civil Procedure, expressed in Rule 1," permits district courts to nonetheless consider unraised
17 12(b)(6) defenses, in successive motions, in the interests of judicial economy. *Id.* at 318-19 (*e.g.*,
18 if a district court "were to evade the merits of Defendants' … defenses here, Defendants would be
19 required to file answers within 14 days[,] … would presumably assert [the same defenses,] …
20 would then file Rule 12(c) motions, the parties would then repeat the briefing … and the Court
21 would have to address the same questions in several months." (quoting *Allstate Ins. Co. v.
22 Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011)). The judicial economy
23 concern, as explained in *In re Apple iPhone Antitrust litigation*, fits this case. *Id.*; *see also Yockey
24 v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 950 (N.D. Cal. 2024) (explaining that courts may
25 consider under Rule 12(b)(6) arguments "that otherwise could be brought in a later Rule 12(c)
26 motion," and distinguishing cases where an answer had already been filed).

27     Accordingly, because Defendants have not filed an answer and could raise these same
28 arguments, post-answer, in a Rule 12(c) motion, in the interest of judicial economy, the Court will

allow Defendants' Motion to introduce arguments in response to the FAC which they previously failed to assert.

Turning to the merits, the Court first addresses the claims against Defendant Quintero and his invoked Eleventh Amendment immunity defense. The Court then addresses the qualified immunity defense as applied to claims one, two and three against officers Jurek, Knapp and Morgan. Finally, the Court discusses the claim for violations of the California Constitution.

### A.  The Eleventh Amendment Immunizes Defendant Quintero from All Claims

Under the Eleventh Amendment to the United States Constitution, "[s]tates are protected … from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) (citations omitted). "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). This immunity extends to the Department and, to the extent they are sued in their official capacities, the Department's employees. *See, e.g.*, *Pullman v. Schwarzenegger*, No. 11-cv-00202-JLS, 2011 WL 6396631, at *8 (S.D. Cal. Dec. 20, 2011); *Hahn v. Cal. Dep't of Parks & Recreation*, No. 09-cv-01479-JAM, 2009 WL 3048716, at *3 (E.D. Cal. Sept. 18, 2009). In ruling on Defendants' initial motion to dismiss, the Court determined the Eleventh Amendment immunized Quintero from suit only as to the claims for which Defendant Quintero invoked the defense.[2] In the present Motion, Defendants raise the Eleventh Amendment immunity as to all claims brought against Quintero. Dkt. 32 at 1.

In its Prior Order, the Court explained that in the original Complaint Plaintiff sued Quintero in his official, not individual, capacity and that as a result, Quintero is afforded Eleventh Amendment immunity. Dkt. 28 at 6-7. The Court incorporates its prior Eleventh Amendment discussion here. *See Id.* To determine whether a claim is against an official in his or her "official"

---

[2] The Court's order dismissed originally-numbered claims three and seven as raised against Defendant Quintero. *See* Dkt. 28 at 7. The Court noted possible Eleventh Amendment immunity for Quintero which would require dismissal of originally-numbered claim six, presently labelled claim four. *Id.* at 9. However, at that time the Court did not extend the Eleventh Amendment defense because Defendants did not raise it. *Id.* Defendants now raise the defense for all claims against Quintero. Dkt. 32 at 1.

or "individual" capacity, "courts must still analyze the specifics of the conduct involved . . . ." *Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992) (Nelson, J., specially concurring). Neither Plaintiff's FAC nor his Opposition provide new facts or pose new argument as to why Eleventh Amendment immunity should not apply. Plaintiff's claims continue to expressly arise out of Quintero's official capacity as director of the Department, and Plaintiff does not allege with particularity conduct sufficient to sue Quintero in an individual capacity. *See* FAC at 8 (alleging that Quintero enforced unconstitutional policies, which entails Quintero's official capacity as an employee of a state agency).

Accordingly, the Court determines that Quintero is afforded Eleventh Amendment immunity from all of Plaintiff's claims, including the fourth cause of action as alleged in the FAC.[3] The Court **GRANTS** Defendants' motion to dismiss claims against Defendant Quintero. These claims are dismissed **without leave to amend** for the reasons explained below. *See, infra*, § IV.C

**B. Defendant Officers Are Entitled to Qualified Immunity**

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). A qualified immunity inquiry requires determining "(1) whether the facts that a plaintiff has alleged … or shown … make out a violation of a 'constitutional right' and 2) whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Johnson v. Barr*, 79 F.4th 996, 1004 (9th Cir. 2023) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "Defendants are entitled to qualified

---

[3] As in its Prior Order, the Court observes that defects may infect Defendant Quintero's invocation of Eleventh Amendment immunity beyond the purported deficiencies raised by Plaintiff and rejected in this Order. Dkt. 28, n. 5. But, as the Court then explained, "the Eleventh Amendment is not a true limitation upon the court's subject matter jurisdiction." *Snoqualmie Indian Tribe v. Wash.*, 8 F.4th 853, 861 n.4 (9th Cir. 2021) (citation omitted). Rather, "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so[, and u]nless the State raises the matter, a court can ignore it." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (citations omitted). Accordingly, as when it otherwise evaluates a Rule 12(b)(6) motion to dismiss, the Court need not address arguments not raised by a n opposing plaintiff. *See, e.g.*, *In re Toyota Motor Corp.*, No. 10-ml-02151-JVS, 2012 WL 12929769, at *4 n.7 (C.D. Cal. May 4, 2012).

1   immunity… if they reasonably could have believed that their conduct was lawful in light of clearly
2   established law and the information that they possessed." *Demers v. Austin*, 746 F.3d 402, 417
3   (9th Cir. 2014) (cleaned up).  In the case of a claim for unlawful arrest, even if an officer makes an
4   arrest without probable cause, the officer "may still be entitled to qualified immunity if he
5   reasonably *believed* there to have been probable cause." *Rosenbaum v. Washoe Cnty.*, 663 F.3d
6   1071, 1076 (9th Cir. 2011) (emphasis in original).  "An outstanding warrant does provide probable
7   cause for an arrest." *United States v. Daniels*, No. 19-CR-00709-BLF-1, 2022 WL 1540035, at *4
8   (N.D. Cal. May 16, 2022) (citing *Case v. Kitsap Cnty. Sheriffs Dept.*, 249 F.3d 921, 927-28 (9th
9   Cir. 2001)).

10   Defendants argue in the Motion that qualified immunity protects officers Jurek, Knapp and
11   Morgan from claims one, two and three as alleged in the FAC.  Dkt. 32 at 4, 8.  Plaintiff's FAC
12   alleges that the Officers approached Plaintiff "claiming they had a warrant for his arrest."
13   FAC at 4.  Defendants argue qualified immunity applies because the Officers had a valid bench
14   warrant and, even if the warrant were proven invalid, the Officers "are entitled to qualified
15   immunity" because they "had a reasonably arguable belief that they were arresting with a valid
16   warrant."  Dkt. 32 at 8.

17   Plaintiff first opposes qualified immunity by arguing that "there was no probable cause
18   because no valid warrant existed at the time of arrest…." Dkt. 33 at 7-8.  However, this argument
19   relies on Plaintiff's allegation that there was, in fact, no warrant.  *See, e.g.*, FAC at 6.  Having
20   taken judicial notice of the fact that there was a bench warrant issued as to Plaintiff as of
21   September 13, 2021, (*see* Dkt. 32-2 at 4, 6;  Dkt. 34-2 at 4-6), the Court cannot agree with
22   Plaintiff.  While the bench warrant may or may not have been valid, its existence (which is not
23   subject to reasonable dispute) supports the Officers' reasonably arguable belief that they were
24   arresting Plaintiff with a valid warrant.

25   Construing Plaintiff's opposition liberally in light of his self-represented status, he appears
26   to make a second argument that the Officers are not entitled to qualified immunity because "any
27   reasonable officer would know that an arrest without a producible warrant, when one is repeatedly
28   requested, violates clearly established law."  Dkt. 33 at 7-8.  But the caselaw and code sections

Plaintiff references as requiring such production concern search warrants and arrest warrants, which are subject to validation and production requirements not applicable to bench warrants. For example, Plaintiff cites to *United States v. Gantt* to support his argument that warrants must be produced, but that case relates to search warrants, not bench warrants. Dkt. 33 at 3-4; 194 F.3d 987, 992 (9th Cir. 1999). Plaintiff similarly cites Cal. Code Civ. Proc. § 153(c) as requiring the seal of a court be affixed to a warrant, but it relates to "a warrant of arrest," not a bench warrant. *Contra* Dkt. 33 at 5. Finally, Plaintiff quotes Penal Code § 850(a), which permits an officer containing a warrant abstract to proceed as if they held the original warrant from the issuing authority. *Id.* at 6. But this section undermines Plaintiff's contention because it permits officers to act as if they had a physical warrant, and therefore a reasonable officer could believe in the lawfulness of an arrest even without a producible warrant.

Accordingly, because the allegations and record before the Court demonstrate that the Officers had an arguably reasonable belief that they were arresting Plaintiff subject to a valid bench warrant, and they were not unreasonable in failing to produce a physical copy of the bench warrant to Plaintiff, the Court **GRANTS** Defendants' motion to dismiss claims one, two, and three against the Officers due to qualified immunity. These claims are dismissed **without leave to amend** for the reasons below.

C. The Court Denies Leave to Amend as Futile

Ordinarily, when a district court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Although district courts may provide self-represented plaintiffs multiple opportunities to amend, dismissing a "*pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile." *Johnson v. Superior Ct. of California*, No. 16-cv-01096-DAD (EPG), 2016 WL 6471123, at *2 (E.D. Cal. Oct. 31, 2016) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). In particular, leave to amend can properly be denied for futility when defendants are afforded immunity. *See Portnoy v. California*, 821 F. App'x 848, 848 (9th Cir. 2020) (affirming

1  amendment opportunity was futile because of defendant's Eleventh Amendment immunity); *Scott*
2  *v. Keller*, No. cv08-0781 CAS, 2010 WL 1780204, at *4 (E.D. Cal. Apr. 30, 2010) (finding leave
3  to amend futile because defendants were afforded qualified immunity).

4      Here, despite the challenges of attempting to amend around immunity defenses, this Court
5  previously allowed Plaintiff an opportunity to amend his Complaint. Dkt. 28 at 9. The Court
6  directed Plaintiff to consider "all of the arguments raised by Defendants in the [motion] and assert
7  only those facts or argument that can be put forward in good faith." *Id.* As discussed above, the
8  FAC neither addresses Defendants' arguments nor pleads facts sufficient to state a claim. *See,*
9  *supra*, §§ IV.A-B. The Court now determines that further leave to amend would be futile: It
10 would not change Defendant Quintero's Eleventh Amendment immunity nor Defendant Officers'
11 qualified immunity arising from the bench warrant. Accordingly, claims one, two and three of the
12 FAC are **dismissed without leave to amend**.

13     **D.**    **The Court Declines Supplemental Jurisdiction Over the State-Law Claims**

14     The Defendants also move to dismiss under Rule 12(b)(1), which directs a district court to
15 dismiss claims over which a court does not have subject matter jurisdiction. Dkt. 32 at 2. After
16 dismissing the federal claims, the only remaining claim is Plaintiff's fourth claim: a state-law
17 claim alleging violation of his rights under the California Constitution. FAC at 11-12.

18     While the Court may exercise supplemental jurisdiction over state-law claims, a plaintiff
19 must first have a plausible claim for relief under federal law. *See* 28 U.S.C. § 1367. "To the
20 extent plaintiff intends to bring state-law claims, those claims should not proceed due to the
21 absence of a cognizable federal claim." *Kepler v. Gingery*, No. 2:24-CV-01426-DAD-CKD (PS),
22 2024 WL 4459144, at *3 (E.D. Cal. Oct. 10, 2024) (citing *United Mine Auto Workers of Am. V.*
23 *Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, … the state
24 claims should be dismissed as well")). The Ninth Circuit also emphasizes that "state-law claims
25 'should' be dismissed if all the federal claims have been dismissed short of trial." *Acri v. Varian*
26 *Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*).

27     Here, because the remaining state-law claim does not raise any "extraordinary or unusual
28 circumstances suggesting that the court should retain jurisdiction over plaintiff's state-law claims

in the absence of any federal claims," the Court will decline to exercise supplemental jurisdiction over the state-law claims against Defendants Quintero, McKenna and Walters. *Molaris v. County of Sierra,* 2012 WL 170159, *4 (E.D.Cal. Jan. 19, 2012); *see also Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1064 (C.D. Cal. 2012), *aff'd,* 676 F. App'x 690 (9th Cir. 2017) (dismissing plaintiff's federal claims and declining supplemental jurisdiction over state-law claims including a claim for conspiracy to deprive constitutional rights) (citing *McInerney v. City & County of San Francisco*, 466 Fed. App'x. 571, 573 (9th Cir. 2012) (on review of district court's decision to decline supplemental jurisdiction, "[t]here was no abuse of discretion because the district court had dismissed or granted judgment on all of McInerney's federal claims.")).

### V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** in part as follows:

- All Claims against Defendant Quintero are **DISMISSED** without leave to amend and **with prejudice**.
- Claims one, two and three against defendant Officers are **DISMISSED** without leave to amend and **with prejudice**.
- Pursuant to 28 U.S.C. § 1367(c), the Court **DECLINES** supplemental jurisdiction over all state-law claims against Defendants Quintero, McKenna and Walters and so **dismisses** these claims **without prejudice** to Plaintiff's ability to pursue them, as appropriate, in a state court action.

Accordingly, having dismissed or declined jurisdiction over all claims, this case is **DISMISSED**. The Court directs the Clerk of the Court to close the file.

**SO ORDERED.**

Dated: June 26, 2025

SUSAN VAN KEULEN
United States Magistrate Judge